UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STANLEY J. SQUETIMKIN, ) <br> ) <br> Movant, ) <br> ) <br> -vs- ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | NO.  CR-04-0122-WFN <br>        CV-08-313-WFN <br> <br> ORDER |

Before the Court is Mr. Squetimkin's pro se Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed October 2, 2008 (Ct. Rec. 123). Mr. Squetimkin complains that the Bureau of Prisons [BOP] has not credited him with time served prior to entry of judgment. He appears to further allege that his counsel provided ineffective assistance of counsel by failing to request credit for time served. However, as seen below, it appears to this Court that Mr. Squetimkin has received credit for time served rendering his Motion moot. Further, the Motion is not timely.

### BACKGROUND

Mr. Squetimkin was arrested in conjunction with the current case on June 16, 2004 (Ct. Rec. 11). He was detained for the course of his case (Ct. Rec. 14). On April 7, 2005, the Court sentenced Mr. Squetimkin to 78 months imprisonment. Mr. Squetimkin reports that the BOP indicated that his release date is "on or about" October 15, 2009.

### DISCUSSION

The Court should hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.

ORDER - 1

§ 2255. "To earn the right to a hearing, therefore, [Movant] [is] required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir 1998), quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir 1996). If an evidentiary hearing is not required, the Court "shall make such disposition of the motion as justice dictates." Rule 8, Rules Section 2255 Proceedings (West 2006).

To gain relief, Movant must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255.

Mr. Squetimkin has not alleged facts which would entitle him to relief. First, Mr. Squetimkin appears to have already received the relief he requested. According to the Court's calculations, the BOP has credited Mr. Squetimkin with the time served prior to sentencing. If released on October 15, 2009, Mr. Squetimkin will have served 65 months in prison from April 16, 2004, the date of his arrest, to his projected date of release. This is less than the sentence he received of 78 months. The difference can be explained if the Court assumes that Mr. Squetimkin has earned "good time." According to the Court's rough calculation, if earned, Mr. Squetimkin could be entitled to as many as 13 months good time credit.[1] The difference between Mr. Squetimkin's sentence of 78 months and the time he will have served, *including pre-arrest,* by October 15, 2009, of 65 months is 13 months, exactly the amount of good time he could have accrued during

---

[1] The Court understands that the BOP may award up to 60 days good time per year. Mr. Squetimkin will have had to opportunity to earn approximately 390 days of good time by October 15, 2009. Assuming that each month is 30 days, he would be eligible for approximately 13 months good time (390 days ÷ 30 days per month = 13 months).

ORDER - 2

his imprisonment (78 months - 65 months = 13 months). Had the BOP calculated his sentence without credit for time served before the date of sentencing, Mr. Squetimkin would only have served 55 months by October 15, 2009 and would not be eligible for release at that time.

In addition, Mr. Squetimkin's § 2255 Motion is not timely. The statute establishes a one year period of limitation for filing a § 2255 motion which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (West 2008). The Motion is untimely unless (1) facts exist that would extend the one year period of limitation or (2) extraordinary circumstances exist which require equitable tolling of the period of limitation.

The Ninth Circuit has ruled that equitable tolling is an alternative basis for finding a petition to be timely. *United States v. Battles,* 362 F.3d 1195, 1196 (9th Cir. 2004). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). An extraordinary circumstance is some external impediment that caused his untimeliness. *Bryant v. Arizona Atty. Gen.,* 499 F.3d 1056, 1061 (9th Cir. 2007). The circumstance must be beyond the prisoner's control. *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003). In addition, the prisoner must show a causal connection between the extraordinary circumstance and his failure to timely file his motion. *Id.*

ORDER - 3

Although equitable tolling is justified in a few cases, the threshold to establish such tolling is very high." *Id*. Though the Court does not decide this case based on the statute of limitations, the Court notes that Mr. Squetimkin provided the Court with no basis for equitable tolling or for otherwise extending the one year period of limitations. It appears that the Motion is not timely.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2006). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion that the Movant has failed make a colorable claim. Thus a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that:

1. Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed October 2, 2008, **Ct. Rec. 123**, is **DENIED.**

2. Movant's Motion for Appointment of Counsel, filed October 2, 2008, **Ct. Rec. 125,** is **DENIED**. Since the Court has found that there are no facts which would entitled Mr. Squetimkin to relief, appointment of counsel is not appropriate.

The District Court Executive is directed to:

- File this Order;
- Provide copies of the Order to Mr. Squetimkin; and
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; and
- **CLOSE** the corresponding civil file, **CV-08-313-WFN**.

1 **DATED** this 16th day of October, 2008.

4  10-16

                                       s/ Wm. Fremming Nielsen
                                       WM. FREMMING NIELSEN
                                       SENIOR UNITED STATED DISTRICT JUDGE